IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RALPH ENDLICH,**

    **Plaintiff,**

vs.                                                            No. CIV 04-265 LCS/KBM

**YELLOW CORPORATION a/k/a**
**YELLOW TRANSPORTATION, INC.,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Certification of Interlocutory Appeal and Stay of Proceedings Pending Appeal (Doc. 41), filed April 22, 2005. The Court, acting upon consent and designation pursuant to 28 U.S.C. § 636(c), and having reviewed the Motion and considered the submissions of counsel, relevant authorities, and being otherwise fully advised, finds that Plaintiff's Motion is not well-taken and should be **DENIED.**

    **Analysis**

In his Motion, Plaintiff posits two avenues by which this Court may grant him relief. Plaintiff asks this Court to either: 1) Enter a final judgment with respect to his ADA claims in accordance with FED. R. CIV. P. 54(b) or, 2) to certify the Court's order granting summary judgment for interlocutory appeal. I will address each request for relief in turn.

    **a.  Entry of Final Judgment**

Plaintiff first argues that, because there is no just reason for delay, this Court should immediately enter a final judgment as to his ADA claims in accordance with FED. R. CIV. P. 54(b). Rule 54(b) states in part that, "[T]he court *may* direct the entry of a final judgment . . . *only* upon

an express determination that there is no just reason for delay." (emphasis added).  Determination that there is no just reason for delay is however, only one step of the two-step process outlined by the United States Supreme Court for certifying a judgment under Rule 54(b).  *See Curtiss-Wright Corp. v. General Elect. Co.*, 446 U.S. 1, 7 (1980).  In addition to finding there is no just reason for delay, the Court must also find that the judgment is "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.*; *See also McKibben v. Chubb*, 840 F.2d 1525, 1528 (10th Cir. 1998).  In making this determination, I must look to whether the claims under review are separable from those remaining to be adjudicated, as Rule 54(b)'s finality requirement is only satisfied if "the claims resolved are distinct and separable from the claims left unresolved."  *Old Republic Ins. Co. v. Durango Air Svc., Inc.*, 283 F.3d 1222, 1225 (10th Cir. 2002)(quoting *Oklahoma Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001)).

In the present case, I find that Plaintiff's ADA claims are not distinct from his remaining claims within the meaning of Rule 54(b).  Far from claiming that his ADA claims are separable from his remaining state law claims, Plaintiff argues that his ADA claims are so intertwined with his state claims that he cannot adequately present his case on the remaining state law issues without reference to the ADA claims.  Because Plaintiff himself agrees that the ADA claims are not separable from the remaining claims, I find that Plaintiff has not met the test for certification of a final judgment under Rule 54(b) and his Motion on this point is therefore **DENIED**.

  **b.  Interlocutory Appeal**

In the alternative to certification of a final judgment, Plaintiff requests this Court to certify its grant of summary judgment on Plaintiff's ADA claims for interlocutory appeal.  I find that

Plaintiff has not met the test for granting an interlocutory appeal. The test for appeal requires that: 1) a substantial ground exists for a difference of opinion on a controlling question of law, and 2) an immediate appeal may materially advance the ultimate determination of the litigation. 28 U.S.C. § 1292(b); *see also Raymond v. Mobil Oil Corp.*, 983 F.2d 1528 (10th Cir. 1993).

In support of his Motion Plaintiff argues that, in its Order granting summary judgment on Plaintiff's ADA claims, the Court failed to consider his most significant theory of impermissible inquiry: namely, the telephone conversation between Defendant's employee, Mr. Brazeal, and a third party. Plaintiff apparently asks this Court to find that there exists a substantial ground for difference of opinion as to whether this conversation constituted an impermissible inquiry within the meaning of the ADA.

Before turning to the conversation at issue, the Court notes that Plaintiff did not, either in his Complaint or in his Response to Defendant's Motion for Summary Judgment, point to this conversation as constituting one of his theories of impermissible inquiry. Although Plaintiff's brief discusses extensively statements made by Mr. Brazeal in his deposition, Plaintiff did not mention Mr. Brazeal's conversation with Mr. Richards in his arguments as to what questions constituted impermissible inquiries under the ADA. In fact, Plaintiff first cited this conversation as constituting an impermissible inquiry at the pretrial conference held on March 31, 2005. The Court will nevertheless discuss Plaintiff's argument here.

There is no question that inquiries by an employer into an applicant's workers' compensation history at the pre-employment stage constitute an impermissible inquiry under the ADA. *See* 29 C.F.R. Pt. 1630.13(a). Thus, there is no difference of opinion on a controlling question of law within the meaning of § 1292(b). The issue raised by Plaintiff concerns whether

3

Defendant's employee Mr. Brazeal in fact made such an impermissible inquiry into Plaintiff's workers' compensation history.  At the pretrial conference, Plaintiff's counsel stated:

> [A]ll that's really clear is that Mr. Brazeal called the Texas lawyer and in response to the Texas lawyer's invitation, received from him information about the workers' compensation claim.

While it is undisputed that Mr. Brazeal could not have himself sought information about Plaintiff's workers' compensation history, Plaintiff has cited no authority for the proposition that receiving unsolicited information from a third party constitutes an impermissible inquiry under the ADA. Nor has Plaintiff been able to show a genuine issue of material fact exists that Mr. Brazeal solicited this information himself.  Therefore, summary judgment was appropriate on Plaintiff's claim of impermissible inquiry and furthermore, there is no ground for difference of opinion as to what constitutes an impermissible inquiry within the meaning of § 1292(b).  Because I have determined there is no ground for difference of opinion on a controlling question of law, I need not reach the issue of whether granting an interlocutory appeal would materially advance the ultimate determination of the litigation. Plaintiff's Motion to certify this matter for interlocutory appeal under § 1292(b) will therefore be **DENIED**.

    **c.  Denial of Supplemental Jurisdiction**

Finally, Plaintiff requests that this Court decline to exercise supplemental jurisdiction over the remaining claims so that Plaintiff may immediately appeal the Court's order granting summary judgment.  For the reasons stated in its Memorandum Opinion and Order entered on April 19, 2005, the Court elects to retain supplemental jurisdiction over this matter.  As such, Plaintiff's Motion to this effect is **DENIED.**

**Conclusion**

Upon review of the arguments presented on this Motion for Certification of Interlocutory Appeal and Stay of Proceedings, I have determined that certification of this matter for interlocutory appeal is not appropriate and, as such, Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED**.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**